FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUL 21 2008

Stephan Harris, Clerk
Casper

# United States District Court
## For The District of Wyoming

UNITED STATES OF AMERICA,

vs.

RICHARD JOHN RECTOR

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 08CR-00007-01D

James H. Barrett
Defendant's Attorney

THE DEFENDANT:   pleaded guilty to count 2.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 2252A(a)(5)(B) and (b)(2) | Possession of Child Pornography | 11/09/2007 | 2 |

The defendant is sentenced as provided in pages 2 through 8 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's USM No: **10450-091**

July 9, 2008
Date of Imposition of Sentence

_____
William F. Downes
Chief, United States District Judge

July 14, 2008
Date

DEFENDANT: RICHARD JOHN RECTOR  
CASE NUMBER: 08CR-00007-01D

Judgment-Page 2 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 87 months.

The Court makes the following recommendations to the Bureau of Prisons:

- Defendant participate in substance abuse treatment while incarcerated
- Defendant be placed in a facility in Englewood, Colorado

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this Judgment.

                                                        United States Marshal

                                By: _____
                                         Deputy Marshal

DEFENDANT: RICHARD JOHN RECTOR  Judgment-Page 3 of 8
CASE NUMBER: 08CR-00007-01D

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Life**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance. Revocation of supervised release is mandatory for possession of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the U.S. Probation Officer.

Pursuant to Public Law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office.

While on supervised release, the defendant shall not use or possess a firearm, ammunition, dangerous weapons or destructive device. Supervised release shall be revoked for possession of a firearm.
While on supervised release, the defendant shall report the address where he will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the defendant resides, is employed, carries a vocation, or is a student.

The defendant shall make special assessment and restitution payments as ordered by the Court and is required to notify the Court, through the Probation Office, of any material change in the defendant's economic circumstances that might affect the defendant's ability to meet these monetary obligations.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth on page 6). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall pay all financial obligations immediately. Any financial obligations not paid immediately or through the Bureau of Prisons' Inmate Responsibility Program shall be paid beginning the month following his release from confinement, in monthly installments of not less than $25.

DEFENDANT: RICHARD JOHN RECTOR  Judgment-Page 4 of 8
CASE NUMBER: 08CR-00007-01D

The defendant shall participate in a program approved by the United States Probation Officer for substance abuse treatment, which may include testing to determine whether the defendant has reverted to the use of controlled substances. The defendant shall comply with specific co-pays imposed pursuant to district policy for failing to comply with drug testing.

As a component of the defendant's treatment and testing program, the defendant shall pay a one-time fee of $250.00 to partially defray the costs of treatment and/or drug testing. Monetary payments made by the defendant shall be applied to this fee only after all other court-ordered monetary obligations have been fulfilled. Payment of the fee shall be made by money order or cashiers check to the Clerk of District Court, 2120 Capitol Avenue, 2nd Floor, Cheyenne, Wyoming 82001, utilizing the payment coupon provided by the probation office. *This condition is waived if the defendant is supervised in a district other than the district of Wyoming.*

The defendant shall abstain from the use or possession of alcohol and is prohibited from entering establishments whose chief source of income is derived from the sale of alcohol.

The Probation Officer will provide state officials with any and all information required by the state sex offender registration agency and may direct the defendant to report to that agency personally for additional processing, such as photographing and fingerprinting.

The defendant shall not access the Internet with any device unless such device has filtering software installed that has been approved by the Probation Officer. The defendant shall not make any attempt to conceal or erase the names of sites visited and shall configure any computer he uses to retain history for at least 30 days.

The defendant shall not possess, send or receive any pornographic, sexually oriented, or sexually stimulating visual, auditory, telephonic or electronic signs, signals or sounds from any source, unless part of a treatment regimen. He shall not visit bulletin boards, chat rooms or other Internet sites where any pornographic, sexually oriented or sexually stimulating images or messages are discussed. He shall not send or receive e-mail or other documents discussing any pornographic, sexually oriented, or sexually stimulating images or messages.

The Probation Officer shall have the right at any time to access any computer used by the defendant to search its history of sites visited, and may install any hardware or software systems to monitor the defendant's computer use. The Probation Officer may also search peripheral computer devices such as computer disks for images or files containing sexually explicit material.

The defendant shall participate in mental health and/or psychosexual evaluations or treatment, including polygraph and/or plethysmograph testing, as recommended by the

DEFENDANT: RICHARD JOHN RECTOR  Judgment-Page 5 of 8
CASE NUMBER: 08CR-00007-01D

Probation Officer, at his own expense, and will not terminate treatment without permission of the Probation Officer and the treatment provider.

The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer.

Excluding his biological or adoptive children, the defendant shall not associate with children under the age of 18 except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the Probation Officer.

The court orders, as an explicit condition of supervised release for the defendant, who is a felon and required to register under the Sex Offender Registration and Notification Act, that he submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

DEFENDANT: RICHARD JOHN RECTOR  
CASE NUMBER: 08CR-00007-01D

Judgment-Page 6 of 8

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;

2) the defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

6) the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: RICHARD JOHN RECTOR  
CASE NUMBER: 08CR-00007-01D

Judgment-Page 7 of 8

## FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Restitution | Fine |
|---|---|---|---|
| 2 | $100.00 | N/A | $700.00 |
| **Totals:** | $100.00 | $0.00 | $700.00 |

## FINE AND/OR RESTITUTION

The fine and/or restitution includes any costs of incarceration and/or supervision. The fine, which is due immediately, is inclusive of all penalties and interest, if applicable.

The defendant shall pay interest on any fine and/or restitution of more than $2,500, unless the fine and/or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the below payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The court has determined that the defendant does not have the ability to pay interest or penalties and it is ordered that:

    The interest and penalties not be applied to fine and/or restitution.

DEFENDANT: RICHARD JOHN RECTOR  Judgment-Page 8 of 8
CASE NUMBER: 08CR-00007-01D

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The total fine and other monetary penalties shall be due as follows:

> In full immediately. Any fine balance not paid immediately or through the Inmate Financial Responsibility Program shall be paid beginning the month following release from confinement, in monthly installments of not less than $25.00.

All financial penalty payments are to be made to the Clerks Office, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.