# United States District Court
# District of Wyoming

## Petition for Warrant or Summons for Offender Under Supervision
**Name of Offender:** Richard John Rector  
**Case No.:** 08CR-00007-01D  
**Sentencing Judicial Officer:** William F. Downes  
**Date of Original Sentence:** July 9, 2008  
**Original Offense:** Possession of Child Pornography  
**Original Sentence:** 87 months incarceration, Life on supervised release  
**Type of Supervision:** Supervised Release  
**Date Supervision Commenced:** May 9, 2014  
**Date Supervision Modified:** April 7, 2014: placement at a Residential Re-Entry Center (RRC) for 60-120 days.  
**Assistant U.S. Attorney:** Jason M. Conder  
**Defense Attorney:** James H. Barrett  

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2014 MAY 16 PM 12 16
STEPHAN HARRIS, CLERK
CHEYENNE

### Petitioning the Court

- [X] To issue a warrant
- [ ] To issue a summons
- [ ] To sign and have filed an amended petition

The probation officer believes the offender has violated the following condition(s) of supervision:

(See attached)

**U.S. Probation Officer Recommendation:**

- [X] The term of supervision should be
  - [X] revoked.
  - [ ] extended for _____ years, for a total of _____ years.
- [ ] The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

_____  May 15, 2014
Earl Gatlin                      Date
U.S. Probation Officer

Approved by: _____
Paul Ricketts
Deputy Chief U.S. Probation Officer

**THE COURT ORDERS:**
- [ ] No Action
- [X] The issuance of a warrant
- [ ] The issuance of a summons
- [ ] Other

**THE COURT FURTHER ORDERS:**
- [ ] Counsel to file Notice of Intent to Contest the Results of the Urinalysis Testing within two days of the Initial Appearance on this Petition.

_____  5/16/2014
Nancy D. Freudenthal              Date
Chief U.S. District Judge

Petition for Warrant
Richard John Rector

### Violation No. 1

| | | |
|---|---|---|
| Mandatory Condition | | The defendant shall report to the probation office in the district to which the Defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons. |
| Standard Condition | 6 | The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment. |

### Nature of Noncompliance

The defendant failed to report to the probation office within 72 hours of his release from custody. He sent a rambling letter, postmarked May 10, 2014, to the probation officer which among other things indicated that "By the time you read this, I will have already crossed the border! You will never hear my name again!' The defendants current whereabouts are unknown.

### U.S. Probation Officer's Action

A Petition for Warrant was submitted to the Court on this date.

### Violation No. 2

Special Condition — Upon release from the Bureau of Prisons, the defendant shall begin supervised release at a Residential Re-Entry Center (RRC) in the District of Wyoming and remain there for a term of between 60 and 120 days. He shall follow all program rules and regulations. After 60 days and upon establishing a suitable residence approved by the U.S. Probation Officer, he may be released from the RRC.

### Nature of Noncompliance

The defendant failed to report to the Casper Re-Entry Center, an RRC. He was provided a bus ticket to Casper, Wyoming, by the Bureau of Prisons and was scheduled to arrive in Casper on May 11, 2014, at 6:30 a.m. He did not arrive and sent a rambling letter to the probation officer which among other things indicated that "By the time you read this, I will have already crossed the border! You will never hear my name again!' The defendants current whereabouts are unknown.

### U.S. Probation Officer's Action

A Petition for Warrant was submitted to the Court on this date.

**Penalties for Supervised Release Violations:**

**Statutory Penalties:** According to 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the person to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. The maximum revocation term of custody for a Class C felony is 2 years.

Pursuant to 18 U.S.C. § 3583(h), if supervision is revoked and the defendant is sentenced to a term of imprisonment, the Court may sentence the defendant to an additional term of supervised release. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the original offense, less any term of imprisonment imposed upon revocation of supervised release.

**Guideline Penalties:** In the case of revocation of supervised release, the applicable term of imprisonment is found in the Sentencing Guideline Table under 7B1.4(a). This section states that for Grade C Violations with a Criminal History Category of I, and where the defendant was on supervised release as a result of a sentence for a Class C felony, the applicable imprisonment range is 3-9 months.

Pursuant to U.S.S.G. § 7B1.3(g)(2), the term should not exceed the original term of supervised release authorized by statute less any term of imprisonment imposed upon revocation.