UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 AUG 28 PM 4:24

STEFHAN HARRIS, CLERK
CASPER

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 08-CR-007-SWS |
| RICHARD JOHN RECTOR, | |
| Defendant. | |

**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISION**

This matter comes before the Court on Defendant Richard Rector's Motion to Terminate Defendant's Supervised Release Term (Doc. 41) and the Government's objections thereto (Doc. 45). Having examined the motion, reviewed the record herein, and considered the relevant factors set forth in 18 U.S.C. §§ 3583(e) and 3553(a), the Court finds the motion should be denied.[1]

## BACKGROUND

On January 17, 2008, Mr. Rector was indicted on one count of possessing an unregistered grenade and one count of possessing child pornography. (Doc. 1.) Pursuant to a plea agreement (Doc. 13), Mr. Rector pled guilty to possessing child pornography and the grenade possession charge was dismissed (Doc. 19). He was sentenced to 87 months' incarceration, to be followed by a life term of supervised release. (Doc. 20.) As

---

[1] A hearing on this motion is not required under F.R.Cr.P. 32.1(c)(2)(B) because "the relief sought is favorable to the person and does not extend the term of probation or of supervised relief," and the Court finds a hearing would not materially assist in determining the motion.

soon as he was released from incarceration in May 2014, though, Mr. Rector violated his supervised release by refusing to report to his probation officer, instead sending his probation officer a letter saying, "by the time you read this, I will have already crossed the border! You will never hear my name again!" (Docs. 28, 38.) His absconsion did not last long, though, as he was arrested within a few weeks in Colorado. (Doc. 30.)

Once back in Wyoming, he admitted to violating the conditions of his supervised release, and the Court sentenced him to another nine months' imprisonment. (Doc. 38.) Additionally, the Court placed Mr. Rector on another lifetime term of supervised release. (*Id.*) He was released from his second round of federal incarceration in February 2015, having currently served approximately four and one-half years on supervised release. (Doc. 41 at p. 2.)

Mr. Rector seeks to have his supervised release terminated now. (Doc. 41.) He asserts his conduct since beginning his second round of supervised release "personifies change, cooperation, and absolute compliance." (Doc. 41 at p. 4.) He presents a two-pronged argument in favor of immediate termination of his supervised release. He first argues the lifetime supervision ordered by the Court in his revocation proceeding is illegal under the recent case of *United States v. Haymond*, 139 S. Ct. 2369 (2019), and should have been a maximum of five years. Second, he also contends many different factors support terminating his supervision now, including a low risk of recidivism and his belief that the goals of supervision have been met.

## DISCUSSION

The Court begins by examining Mr. Rector's argument that the lifetime term of supervised release is illegal in light of the *Haymond* case and then turns to whether early termination of supervised release is warranted.

### 1. Lifetime term of supervised release

Mr. Rector contends, "Thus, because I am now serving a sentence that was not imposed at original sentencing, but a new sentence imposed after a revocation of supervision, *Haymond* dictates that the statutory limitations of §3583(b) (5 years), and the statutory minimum of §3583(k) (also 5 years) now set the min/max boundaries for a sentence of supervised release after a revocation." (Doc. 41 at p. 5.) He is not correct.

Haymond was convicted of one count of possessing child pornography and sentenced to 38 months' imprisonment followed by ten years of supervised release. *United States v. Haymond*, 139 S. Ct. 2369, 2373 (2019) ("*Haymond III*"). After completing his prison term, Haymond started his supervised release. *Id.* "But when the government conducted an unannounced search of his computers and cellphone, it turned up 59 images that appeared to be child pornography. Based on that discovery, the government sought to revoke Mr. Haymond's supervised release and secure a new and additional prison sentence." *Id.* at 2374. At the revocation hearing that followed, the district court found by a preponderance of the evidence that Haymond possessed child pornography in violation of his supervised release conditions. *Id.*

> Ordinarily, a district court has discretion to determine what action it will take after a defendant violates the terms of supervised release. *See* 18 U.S.C. § 3583(e) (statute governing most revocation of supervised release

> proceedings, including options available to the sentencing court). If the district court had revoked Haymond's term of supervised release and sentenced him to a term of imprisonment under § 3583(e)(3), the maximum authorized term of imprisonment would have been two years because his original crime of conviction was a Class C felony. *See id.* § 3583(e)(3). However, under 18 U.S.C. § 3583(k), Haymond's violation of his conditions of supervised release triggered a mandatory revocation of his supervised release and a mandatory sentence to an additional term of imprisonment of at least five years and, at most, life. The district court sentenced Haymond to a new five-year term of imprisonment followed by a new five-year term of supervised release.

*United States v. Haymond*, --- F.3d ---, 2019 WL 3978439, at *2 (10th Cir. Aug. 23, 2019) ("*Haymond IV*"). The U.S. Supreme Court found the five-years-to-life sentence of imprisonment mandated by the last two sentences of § 3583(k) to violate the Constitution:

> Based on the facts reflected in the jury's verdict, Mr. Haymond faced a lawful prison term of between zero and 10 years under § 2252(b)(2) [for his original conviction]. But then a judge—acting without a jury and based only on a preponderance of the evidence—found that Mr. Haymond had engaged in additional conduct in violation of the terms of his supervised release. Under § 3583(k), that judicial factfinding triggered a new punishment in the form of a prison term of at least five years and up to life. So just like the facts the judge found at the defendant's sentencing hearing in *Alleyne*, the facts the judge found here increased "the legally prescribed range of allowable sentences" in violation of the Fifth and Sixth Amendments.

*Haymond III*, 139 S. Ct. at 2378.

The *Haymond* opinion has nothing to do with Mr. Rector's case. Mr. Rector was not subjected to an increased "legally prescribed range of allowable sentences" at his revocation proceeding because, unlike Haymond, it was never alleged or found by a preponderance of the evidence that Mr. Rector "commit[ted] any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, for which imprisonment for a term

longer than 1 year can be imposed," 18 U.S.C. § 3583(k). Instead, this Court found, based on Mr. Rector's admission, that he failed to report to his probation officer within 72 hours of his release from incarceration, which was one of the supervised release conditions. (Docs. 20, 38.) Mr. Rector's supervised-release violation did not trigger the last two sentences of § 3583(k), which were at issue in *Haymond*.

Instead, at Mr. Rector's revocation hearing, this Court ordered a lifetime term of supervised release pursuant to 18 U.S.C. § 3583(h). That subsection provides as follows:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

The re-imposition of supervision for life complied with subsection (h) as well as the first sentence of § 3583(k) (which was never at issue in *Haymond*). The Court finds nothing illegal about Mr. Rector's lifetime term of supervised release. The Court now turns to the question of whether his lifetime supervision should be terminated at this time.

2. **Early Termination of Supervised Release**

"Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000) (citing S.Rep. No. 98–225, at 124). Title 18 U.S.C. § 3583(e) gives the Court authority to terminate supervised release early. It provides in relevant part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e).

Considering the factors identified in §§ 3583(e) and 3553(a), the Court is not satisfied that terminating Mr. Rector's supervised release is warranted by his conduct and the interests of justice, at least not at this time. Mr. Rector's probation officer provided an update to the Court on his progress thus far. He has been on supervision for about 4 ½ years since his second release from BOP custody. In general, Mr. Rector has done well on this second round of supervised release. He is over 60 years old, has completed a sex offender treatment program, works part-time for the Wyoming Tribune Eagle, and spends much of his time making jewelry and other items out of antlers which he sells. These positive steps are encouraging.

Currently, though, the Court finds continued supervision is of benefit to Mr. Rector. The probation officer noted Mr. Rector tested positive for alcohol in September 2018 and later admitted he had consumed alcohol in violation of his supervision conditions. While a single alcohol violation in 4 ½ years is usually only a minor matter, his prior absconsion on supervised release now makes even a minor hiccup a serious concern. Additionally, multiple factors in § 3553(a), which the Court is required to consider when reviewing a request for early termination of supervision, support a longer period of supervision due to the vast extent of his child pornography possession and the

exploitation of children encouraged by such a crime.[2] (*See* Doc. 15 at pp. 4-5 (noting that Mr. Rector previously admitted in an earlier investigation to having downloaded 80-100 images of child pornography, admitted in this investigation to having used the internet to access child pornography for a number of years, and was found to have over 200 still images or videos of child pornography).) Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," the need "to afford adequate deterrence to criminal conduct," and the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C).

Termination of supervision is not warranted at this time. Mr. Rector should be proud of the positive steps he has taken in correcting his prior behavior, and perhaps someday in the future supervised release will have fulfilled all of its purposes for him. Such is not the case yet, though.

## ORDER

**IT IS THEREFORE ORDERED** that Defendant Richard Rector's Motion to Terminate Defendant's Supervised Release Term (Doc. 41) is **DENIED**.

**DATED:** August 28, 2019.

Scott W. Skavdahl
United States District Judge

---

[2] *See, e.g.*, Pub. L. No. 104-208, § 121, 110 Stat. at 3009-27 ("The existence of and traffic in child pornographic images ... inflames the desires of child molesters, pedophiles, and child pornographers who prey on children, thereby increasing the creation and distribution of child pornography and the sexual abuse and exploitation of actual children who are victimized as a result of the existence and use of these materials[.]").