**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2020 FEB 27  PM 12: 58

M___ __ _ _____NS, CLERK
_____PER

UNITED STATES OF AMERICA,

      Plaintiff,

v.

RICHARD JOHN RECTOR,

      Defendant.

Case No. 08-CR-007-SWS

---

## ORDER DENYING SECOND MOTION FOR EARLY TERMINATION OF SUPERVISION

This matter comes before the Court on Defendant Richard Rector's Second Motion to Reduce Defendant's Supervised Release Term (Doc. 47).  The time for the Government to file any response has expired.  Mr. Rector filed a previous motion seeking to terminate his supervised release in August 2019 (Doc. 41), which the Court denied that same month (Doc. 46).  His probation officer recently provided the Court with an update, noting that Mr. Rector has continued to perform well since the previous motion.  Having examined the motion, reviewed the record herein, and considered the relevant factors set forth in 18 U.S.C. §§ 3583(e) and 3553(a), the Court finds the motion should be denied.[1]

---

[1]  A hearing on this motion is not required under F.R.Cr.P. 32.1(c)(2)(B) because "the relief sought is favorable to the person and does not extend the term of probation or of supervised relief," and the Court finds a hearing would not materially assist in determining the motion.

The Court will set forth only minimal background here. For more information, please review the prior Order Denying Motion for Early Termination of Supervision (Doc. 46), the findings and conclusions of which are fully incorporated herein.

Following several years of incarceration for a conviction of possessing child pornography in digital format, Mr. Rector started a lifetime term of supervised release in May 2014. Unfortunately, he immediately absconded and was revoked. Following additional imprisonment for the revocation, Mr. Rector recommenced supervised release in February 2015. He has generally done well on his second attempt at supervised release, and now he asks that it be terminated.

"Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000) (citing S.Rep. No. 98–225, at 124). Title 18 U.S.C. § 3583(e) gives the Court authority to terminate supervised release early. It provides in relevant part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e).

The Court's previous order suggested that termination of supervised release may eventually be appropriate in this case, but termination wasn't warranted at that time. (*See* Doc. 46 p. 6 ("the Court is not satisfied that terminating Mr. Rector's supervised release

is warranted by his conduct and the interests of justice, at least not at this time"), p. 7 ("perhaps someday in the future supervised release will have fulfilled all of its purposes for him. Such is not the case yet, though.").) Mr. Rector asserts he has continued to do well on supervised release since the last order.

> In the intervening months between that request and this one, I have not simply continued to stay out of trouble. I have been active in the positive trajectory my life has been taking. My Elk-antler jewelry business has taken on a life of its own and has been keeping me quite busy when I am not working at the Tribune Eagle.
>
> I have had a visit recently by my probation officer and his supervisor to my residence, and the visit went very well. Just this past weekend, my probation officer made another visit that included a search of my computer, which showed no issues.

(Doc. 47 p. 2.) His probation officer recently informed the Court that there have not been any known violations since the prior order, and Mr. Rector continues to maintain his positive employment, his residence, and pro-social community involvement.

Since being released from his second round of federal custody, Mr. Rector has generally done well on supervised release over the past five years. Aside from a single incident of consuming alcohol in September 2018, he has not had any other violations. His conduct is encouraging.

As noted in the previous order, though, the Court finds continued supervision remains beneficial for Mr. Rector. This Court has twice ordered lifetime supervision for Mr. Rector (first during his original sentencing in 2008 and again during his supervised release revocation proceeding in 2014). Congress' decision to authorize supervised release for sex offenses for a minimum of five years and a maximum of life, 18 U.S.C. §

3583(k), demonstrates the seriousness of the matter. *See United States v. Crisman*, No. CR 11-2281-JB, 2011 WL 5822731*16 (D.N.M. Nov. 15, 2011) (unpublished) ("Congress stressed that the mere 'existence of and traffic in child pornographic images creates the potential for many types of harm in the community and presents a clear and present danger to all children.'") (quoting Child Pornography Prevention Act of 1996, Pub. L. No. 104-208, § 121, 110 Stat. at 3009-27).  Further, for sex offenses, the United States Sentencing Guidelines provide that "the statutory maximum term of supervised release is recommended." U.S.S.G. § 5D1.2(b) Policy Statement; *see also United States v. Young*, 502 F. App'x 726, 727 (10th Cir. 2012) (unpublished) (presuming a lifetime term of supervised release was reasonable for a defendant convicted of one count of possessing child pornography).  Five years of supervised release is not a significant length of time when considering the Court intended Mr. Rector to remain under supervision for the remainder of his life.  Without unnecessarily belaboring the point, after considering the factors identified in §§ 3583(e) and 3553(a), the Court is not convinced that Mr. Rector's conduct and the interests of justice support the termination of supervised release at this time.

Nonetheless, if Mr. Rector continues to perform well while on supervised release with no further violations of any conditions, the Court recommends he reapply for early termination of supervised release after one year from the date of this Order.  At that time, Mr. Rector will have served about six years of supervised release with a significant period of problem-free conduct since his alcohol violation of September 2018, thus warranting reconsideration of the matter.  The Court again commends Mr. Rector for the

good choices he has made since September 2018 and hopes to hear another positive report in the future.

**IT IS THEREFORE ORDERED** that Defendant Richard Rector's Second Motion to Reduce Defendant's Supervised Release Term (Doc. 47) is **DENIED**.

**DATED:** February ___27^{TH}___, 2020.

Scott W. Skavdahl
United States District Judge