

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD JOHN RECTOR,

    Defendant.

Case No. 08-CR-007-SWS

## ORDER GRANTING IN PART MOTION FOR EARLY TERMINATION OF SUPERVISION WITH DELAYED EFFECTIVE DATE

This matter comes before the Court on Defendant Richard Rector's Third Motion to Terminate Defendant's Supervised Release Term (Doc. 49). The time for the Government to file any response has expired. Mr. Rector filed two previous motions seeking to terminate his supervised release, both of which were denied. (Docs. 41, 43, 47, 48.) In the most recent denial order, the Court wrote:

> Nonetheless, if Mr. Rector continues to perform well while on supervised release with no further violations of any conditions, the Court recommends he reapply for early termination of supervised release after one year from the date of this Order. At that time, Mr. Rector will have served about six years of supervised release with a significant period of problem-free conduct since his alcohol violation of September 2018, thus warranting reconsideration of the matter.

(Doc. 48 p. 4.) It has been about a year since that Order and Mr. Rector has now reapplied for early release from supervision. His supervising officer recently provided the Court with an update on Mr. Rector's conduct and progress. Having considered the

motion, reviewed the record herein, and considered the relevant factors set forth in 18 U.S.C. §§ 3583(e) and 3553(a), the Court finds the motion should be granted in part.

The Court will set forth only minimal background here. For more information, please review the prior orders denying early termination of supervision (Docs. 46, 48), the findings and conclusions of which are fully incorporated herein.

Following several years of incarceration for a conviction of possessing child pornography in digital format, Mr. Rector started a lifetime term of supervised release in May 2014. Unfortunately, he immediately absconded and was revoked. Following additional imprisonment for the revocation, Mr. Rector recommenced supervised release in February 2015. He has conducted himself reasonably well on his second attempt at supervised release, and he asks that it be terminated now or reduced "to a term that has an end." (Doc. 49 p. 4.)

"Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000) (citing S.Rep. No. 98–225, at 124). Title 18 U.S.C. § 3583(e) gives the Court authority to terminate supervised release early. It provides in relevant part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e).

The Court's previous orders suggested that termination of supervised release may eventually be appropriate in this case, but termination wasn't warranted at those times. (*See* Doc. 46 pp. 6, 7; Doc. 48 p. 4.)  Mr. Rector asserts he has continued to do well on supervised release since those orders.  His supervising officer recently informed the Court that there have not been any known violations of release conditions since the prior order, and Mr. Rector continues to maintain his elk-antler jewelry business and contact with several pro-social supports in his community.  Since being released from his second round of federal incarceration, Mr. Rector has generally done well on supervised release over the past six years.  Aside from a single incident of consuming alcohol in September 2018, he has not had any other violations.  His conduct is encouraging, as is the generally positive reports from his supervising officer.

In now reconsidering the matter, the Court finds continued supervision remains beneficial for Mr. Rector, but his several years of positive conduct also warrants a future end date for his supervision.  After considering the factors identified in §§ 3583(e) and 3553(a), the Court is now convinced that Mr. Rector's conduct and the interests of justice support the termination of supervised release in the future.  Thus, so long as Mr. Rector continues to perform well while on supervised release with no further violations of any conditions, the Court finds it appropriate for his period of supervision to expire on March 31, 2022.  *See, e.g., United States v. Al-Baderi*, No. 2:17-CR-00219-DN, 2019 WL 575893, at *2 (D. Utah Feb. 12, 2019) (granting early termination of supervised release with future effective date because the defendant "committed a serious crime and some additional supervision is appropriate in order to ensure adequate deterrence to criminal

conduct and to promote [the defendant's] continued success"); *United States v. McClister*, No. 2:02-CR-87 TS, 2008 WL 153771, at *2 (D. Utah Jan. 14, 2008) (granting early termination of supervised release with future effective date).

**IT IS THEREFORE ORDERED** that Defendant Richard Rector's Third Motion to Terminate Defendant's Supervised Release Term (Doc. 49) is **GRANTED IN PART**. Mr. Rector shall remain in compliance with the terms of his supervised release. In the event there are no future violations of his supervised release, Mr. Rector's supervised release shall terminate by this Order **effective March 31, 2022**.

**DATED:** February 25th, 2021.

Scott W. Skavdahl
United States District Judge